# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 7:04-cr-17 (HL) |
| | : | |
| **GILBERTO MATIAS-HERNANDEZ,** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## ORDER

Defendant Gilberto Matias-Hernandez has filed a Motion to Compel [doc 46] in which he asks the Court to compel his counsel of record, Ramon J. Fajardo, to provide him with a copy of his legal file. Fajardo has responded to the Motion, noting among other things, that throughout his representation of Matias-Hernandez he provided him with copies of all of the materials from his file. Fajardo has also noted his willingness to provide Matias-Hernandez with a copy of his file upon payment of the cost of copying and postage.

The Georgia Rules of Professional Conduct do not address in detail what a lawyer's obligations are to his client with respect to the file that has been created during the course of the representation, saying only this:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, *surrendering papers and property to which the client is entitled* and refunding any advance payment of fee that has not been earned.

Ga. R. Prof'l Conduct 1.16(d) (2005) (emphasis added). A formal advisory opinion issued by the Supreme Court of Georgia in 1988 and discussing Standard of Conduct 22, the predecessor of Rule 1.16, concluded that an attorney may not withhold a client's papers or properties as

security for unpaid fees. Formal Advisory Op. No. 87-5. In the course of discussing the lawyer's obligation to the client the court noted, "Because it would be only in the rarest of circumstances that a client could be deprived of his or her files without eventually suffering some prejudice, the better practice is for attorneys to forgo retention of client papers in all but the clearest cases." Formal Advisory Op. No. 87-5.

In addition to intimating that the client is nearly always going to be entitled to his file and related papers, the Formal Advisory Opinion noted the following:

> Despite the obligation to return original documents to their clients, attorneys are entitled to keep copies of their clients' files. Absent a prior agreement that the client will be responsible for copying charges, however, the attorney bears the cost of copying. Notably, even if such an agreement exists, in the event that the client refuses to pay, the attorney must advance the cost and then add the charge to the client's outstanding bill.

Formal Advisory Op. No. 87-5. The Formal Advisory Opinion thus suggests that in only the rarest of circumstances may an attorney decline to provide his client with his file.

Recent decisions of the Georgia appellate courts also suggest that an attorney must turn his file over to the client upon request. In Swift, Currie, McGhee & Hiers v. Henry, 581 S.E.2d 37 (Ga. 2003), the Supreme Court of Georgia determined that documents created by the attorney belong to the client and had to be provided to the client upon request. In Stearns v. Murphy, 587 S.E.2d 247 (Ga. Ct. App. 2003), the Court of Appeals of Georgia held that a client's payment of legal fees to the attorney entitled the client to her file without the obligation to pay the attorney's copying costs.

In view of the foregoing authorities, it is the opinion of the Court that Matias-Hernandez is entitled to obtain his file from Fajardo. Fajardo, of course, is entitled to make a copy of the

2

file for his records but he may not charge Matias-Hernandez for his copies. Furthermore, the fact that Matias-Hernandez is confined in a federal prison makes it necessary for Fajardo to mail the file to Matias-Hernandez, otherwise Matias-Hernandez's right to the file would be rendered meaningless. However, Fajardo, who was appointed by the Court to represent Matias-Hernandez, may seek reimbursement from the Court for the cost of mailing the file to Matias-Hernandez.

Although the Court is of the opinion that the file belongs to Matias-Hernandez, and that Fajardo must provide the file to him at no charge other than the cost of mailing–a cost which the Court will bear in this case–Matias-Hernandez should understand that once the file is sent to him, it becomes his responsibility. If the file is lost or confiscated, there will no longer be an original file to which Matias-Hernandez will have access. Moreover, Fajardo will no longer have any obligation to provide Matias-Hernandez with documents at no cost. Therefore, before the Court compels Fajardo to provide the file to Matias-Hernandez, the Court directs Matias-Hernandez to notify the Court that despite the risks he faces in taking possession of his file he nevertheless wishes to have the file sent to him. Matias-Hernandez should notify the Court of his preferences in this matter not later than 30 days from the date of entry of this Order.

**SO ORDERED**, this the 13th day of January, 2006.


                                              s/    Hugh Lawson
                                              **HUGH LAWSON, JUDGE**

mls